## THE ONOKO.

(District Court, N. D. Illinois, N. D.    March 26, 1900.)

No. 9,140.

WRONGFUL DEATH—ACTION FOR DAMAGES—PROXIMATE CAUSE.

An hour after a collision between a steamer and a schooner, in which the latter was injured, the steamer returned and offered to tow the schooner into port, 20 miles distant. The offer was refused, and some hours later, the wind and sea having increased, the schooner sprung a leak in consequence of the injury, and subsequently sank; the master and two seamen being drowned. *Held*, that the collision could not be deemed the proximate cause of their death, so as to support a libel by their administrator against the steamer to recover damages therefor, based on a statute giving a right of action for wrongful death.

In Admiralty.    On exceptions to libel.

Robert Rae, for libelant.
C. E. Kremer, for respondent.

KOHLSAAT, District Judge.    This is a libel by the administrator of the estates of the master and two seamen of the schooner Mary D. Ayer against the steamer Onoko, in which it is sought to recover for the death of said master and seamen, which occurred under substantially the following circumstances, as set forth in the libel:    In the early morning of May 17, 1896, said schooner and steamer came into collision about 20 miles northeast of Chicago, in Lake Michigan.    About an hour after the collision the Onoko returned to the schooner, and offered to tow the latter into Chicago harbor.    No water was being made by the schooner, and assistance was refused, although the Onoko was requested to send a tug to the schooner as soon as the Onoko reached Chicago.    Shortly after 6 a. m. the schooner sprunk a leak in consequence of the collision.    The wind and sea increased.    Distress signals were set.    One steamer came alongside, but refused to tow the schooner.    Another steamer came alongside later, and did take the schooner in tow.    About two hours later the mast of the schooner went overboard, and the schooner went down, in a heavy wind and sea; the master and two seamen being then drowned.    The libel also sets forth that in a suit between the owners of the schooner and the Onoko, in admiralty, both vessels were found in fault in regard to the collision.    While this finding is not strictly res adjudicata as to the master of the schooner, yet, as this hearing comes on upon exceptions to the libel, the statement in the libel will be taken by the court as an allegation of fact binding upon the administrator of the master.

Assuming fault in both the steamer and the schooner, the question then arises as to the effect of contributory negligence upon the part of the master as avoiding recovery in admiralty on account of his death.    Aside from the statutes of the state of Illinois, no recovery for negligence causing death can be had.    The suit must be based solely upon the state statute.    This being the case, I am of the opinion that the statute must be enforced with all its limita-

tions and restrictions. One of these restrictions is that no recovery can be had where the plaintiff's intestate was guilty of negligence contributing to the injury causing death. On this question I concur in the conclusion reached by Judge Taft in the suit of Robinson v. Navigation Co., 20 C. C. A. 86, 73 Fed. 883, in which view no recovery could be had for the death of the master. However, it is not necessary, in my view of the case, to base the decision herein upon the question of contributory negligence per se. Under the allegations of the libel, the master and seamen were chargeable with the duty incumbent upon skilled and able seamen under the particular circumstances of this case. The steamer returned to the schooner an hour after the collision, and offered to tow the latter to Chicago,—a distance of 20 miles. At this time the crew, as a whole, or individually, had an opportunity to leave the schooner with safety to themselves. To my mind, their refusal or neglect to avail themselves of this opportunity offered by the respondent steamer was plainly an intervening cause,—a new agency, as it were,—leading to the death of the master and two seamen. At the time of the steamer's return, sufficient time had elapsed to enable all persons on board the schooner to calmly investigate the conditions resulting from the collision. They were not called upon for a sudden decision in extremis. This takes from the collision the attribute of being the proximate cause of the deaths sued for. The exceptions to the libel are therefore sustained upon this ground.

---

THE DODE.

(District Court, D. Washington, N. D. January 15, 1900.)

MARITIME LIENS—ENFORCEMENT—INTERVENTION AFTER SALE OF VESSEL.

Where a vessel has been sold pursuant to a decree entered after due notice requiring all claimants to appear, and has been delivered to the purchaser, and the proceeds applied to the discharge of the debts allowed, the sale will not be set aside to permit another claimant to then intervene and prove his lien.

This was a suit in admiralty to enforce liens against a vessel. On motion by an intervening libelant to set aside a sale of the vessel pursuant to a previous decree.

C. D. Emery, for libelants.

Corliss & McKay, for defendants.